**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

GERALD WHITE HILL,                                  :
                                                    :       Civil Action No. 14-5416 (MAS)
                                                    :
              Plaintiff,                            :
                                                    :
       v.                                           :       **OPINION**
                                                    :
DET. THOMAS BROPHY, et al.,                         :
                                                    :
              Defendants.                           :


**APPEARANCES:**

      GERALD WHITE HILL, Plaintiff pro se
      # 509205
      Mercer County Correction Center
      P.O. Box 8068
      Trenton, New Jersey 08650

**SHIPP**, District Judge

      Plaintiff, Gerald White Hill, a state inmate confined at the Mercer County Correction Center in Trenton, New Jersey, at the time he submitted this Complaint for filing, seeks to bring this action *in forma pauperis*. Based on Plaintiff's affidavit of indigence, the Court will grant Plaintiff's application to proceed pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint accordingly.

      At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief

from a defendant who is immune from such relief.  For the reasons set forth below, the Court dismisses the Complaint because the cause of action asserted is time-barred.

## I. BACKGROUND

Plaintiff, Gerald White Hill ("Plaintiff"), brings this civil action, pursuant to 42 U.S.C. § 1983, against Defendants, Detective Thomas Brophy of the Trenton Police Department and Detective Marlon Webb of the Mercer County Prosecutor's Office.  (ECF No. 1, Complaint at Caption and ¶¶ 4b, 4c.)  Plaintiff alleges that, on November 7, 2011, he was arrested by Defendants on a charge of arson based on purportedly false documents, and was imprisoned without bail for three days.  Bail was then allegedly set at an excessive amount.  Plaintiff complains that he "feel[s like he] was kidnapped and imprisoned for something that no one could prove [he] did."  (*Id.* at ¶ 6.)  Plaintiff seeks to be released and to have the arson charges dismissed.  (*Id.* at ¶ 7.)

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

Per the Prison Litigation Reform Act, Pub.L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity.  Specifically, the PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).  Accordingly, because Plaintiff is a prisoner proceeding *in forma pauperis* in this matter, this action is subject to *sua sponte* screening for dismissal under both 28 U.S.C. § 1915(e)(2)(B) and § 1915A.

2

"The legal standard for dismissing a complaint for failure to state a claim under [the PLRA] is the same as that for dismissing a complaint pursuant to a motion filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Aruanno v. Green*, 527 F. App'x 145, 147 (3d Cir. 2013) (discussing 28 U.S.C. § 1915(e)(2)(B)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (28 U.S.C. § 1915A(b)).   According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).   Rather, to prevent summary dismissal, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).   Moreover, while pro se pleadings are liberally construed, *Higgs v. Atty. Gen.*, 655 F.3d 333, 339 (3d Cir. 2011), "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted). Nonetheless, courts must be cognizant that the *Iqbal* standard "is not akin to a probability requirement." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted).

## III. SECTION 1983 ACTIONS

Plaintiff brings this action pursuant to 42 U.S.C. § 1983.  (ECF No. 1, Compl. at ¶ 1.) Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994). *See also Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

## IV. DISCUSSION

Plaintiff's claims against Defendants are liberally construed as allegations of false arrest and imprisonment in violation of his Fourth and Fourteenth Amendment rights. He also appears to assert a claim of excessive bail. In order to establish a claim for false imprisonment, Plaintiff must prove: (1) that he was detained; and (2) that the detention was unlawful. *See Wallace v. Kato*, 549 U.S. 384, 389 (2007) ("The sort of unlawful detention remediable by the tort of false imprisonment is detention without legal process." (citations omitted) (emphasis deleted)). As for false arrest under § 1983, Plaintiff must prove that the officers arrested and charged him without probable cause. *Groman v. Twp. of Manalapan*, 47 F.3d 628, 634 (3d. Cir. 1995) (citation omitted). The proper inquiry on this type of claim is not whether the person arrested in fact committed the offense but whether the arresting officers had probable cause to believe the person arrested had committed the offense. *Paszkowski v. Roxbury Twp. Police Dep't*, 581 F. App'x 149, 152 (3d Cir. 2014) (quotations and citations omitted).

Federal courts look to state law to determine the limitations period for § 1983 actions. *See Wallace*, 549 U.S. at 387–88. A § 1983 complaint is "characterized as a personal injury claim and thus is governed by the applicable state's statute of limitations for personal-injury claims." *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010) (citing *Cito v. Bridgewater Twp.*

4

*Police Dep't*, 892 F.2d 23, 25 (3d Cir. 1989)); *see also Wallace, supra*; *Wilson v. Garcia*, 471 U.S. 261, 276 (1985). In New Jersey, § 1983 claims are subject to New Jersey's two-year statute of limitations on personal injury actions. *See Dique*, 603 F.3d at 185; *see also* N.J. Stat. Ann. § 2A:14–2. Accordingly, Plaintiff's § 1983 claims of false arrest and imprisonment, as asserted against Defendants here, are subject to this two-year period.

Plaintiff filed his Complaint on or about August 28, 2014. Thus, any claim asserted in his Complaint that accrued prior to August 28, 2012, would be time-barred. In this Complaint, Plaintiff alleges false arrest, false imprisonment, and excessive bail claims in violation of the Fourth, Eighth and Fourteenth Amendments. (ECF No. 1, Compl. at ¶ 6.) These § 1983 claims are subject to the two-year limitation period. The Supreme Court has held that the statute of limitations for a claim of false arrest or false imprisonment begins to run "at the time the claimant becomes detained pursuant to legal process." *Wallace*, 549 U.S. at 397. Thus, in this case, the statute of limitations commenced on or about November 7, 2011, when Plaintiff alleges that he was subject to false arrest and false imprisonment. Specifically, November 7, 2011 was the date that Plaintiff was arrested and charged with arson, and incarcerated without bail. At the latest, Plaintiff became detained pursuant to legal process or arraignment when his bail was set at an allegedly excessive amount three days later, on November 10, 2011. (ECF No. 1, Compl. at ¶ 6.) As noted above, Plaintiff filed this § 1983 action on August 28, 2014, well beyond the expiration of the limitations period on November 10, 2013. Likewise, any excessive bail claim would have accrued on November 10, 2011, and is now beyond the expiration of the limitations period. *See Wallace*, 549 U.S. at 391.

Therefore, Plaintiff's Complaint is dismissed without prejudice as time-barred.  Plaintiff may seek to re-open his case if he can show a basis for equitable tolling of the limitations period.

## V.  CONCLUSION

Therefore, for the reasons set forth above, the Complaint is dismissed without prejudice, in its entirety, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a cognizable claim for relief under 42 U.S.C. § 1983 at this time, because the Complaint was filed beyond the statute of limitations.  An appropriate order follows.

_____
MICHAEL A. SHIPP
United States District Judge

Dated:  1/7/15

6